FRED D. STEVENS *vs.* VINAL S. ODLIN.

Androscoggin.    Opinion November 4, 1912.

*Agreement of purchase. Agents. Burden of Proof. Contract. Damages. Deceit. False representations. Forfeiture. Material Alteration.*

In an action of deceit brought against a real estate agent to recover back a forfeiture of three hundred and fifty dollars alleged to have been paid under the terms of a written contract because of the false and fraudulent representations made by the agent at the time of payment, the jury having rendered a verdict for the plaintiff.

*Held:*

1. That the representations made by the defendant as to the signing of the original contract of sale by the owner were not false and actionable but in accordance with the facts.

2. That under the overwhelming evidence in the case, the forfeiture clause was binding upon both parties, and the plaintiff paid only what he was legally bound to pay.

3. That even if the defendant made a false statement as to a subsequent interview, the plaintiff was not thereby defrauded because being legally liable, he was induced, even if the false representations were proved, merely to pay his own legal debt, and therefore was not damaged.

VOL. CIX 27

On motion and exceptions by the defendant. Exceptions not considered. Motion sustained.

This is an action on the case for deceit in connection with the sale of real estate to recover a forfeiture on the ground of alleged false representations by the defendant. Plea, general issue.

The jury rendered a verdict for the plaintiff for $319.50, and the defendant filed a general motion for a new trial.

The case is stated in the opinion.

*R. W. Smith,* for plaintiff.

*John E. Nelson,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, HALEY, JJ.

CORNISH, J. The outline of facts is this. On October 13, 1909, one W. B. Jordan entered into a written agreement by which he placed certain real estate in the hands of the Odlin and Odlin Real Estate Agencies for sale, "giving them full and exclusive power to sell and assign the same." Jordan agreed to convey the property by good and sufficient deed and to deliver possession of the same to the purchaser within thirty days after sale for the sum of $3000 net, all sums received in excess of said amount to belong to the brokers. This provision was also inserted: "I further agree that in case any money is paid to bind the trade, and the same is forfeited, it shall be equally divided between the said Odlin and Odlin and myself."

Acting under the authority conferred by the foregoing instrument, Odlin and Odlin made a written contract in the name of Jordan for sale of the property to the plaintiff Stevens on December 13, 1909, for the sum of $3500, $1000 to be paid down and the remainder to be agreed upon. The agreement of purchase was signed by Stevens, and contained this clause: "It is mutually agreed and understood that should either party to this contract fail or neglect to fulfill his part of the agreement, he shall forfeit forthwith as damages to the party of the other part, the sum of three hundred and fifty dollars."

On the same date, a memorandum of agreement was made and signed by Mr. Stevens and by Vinal S. Odlin, acting for Odlin and Odlin, which stated that in consideration of the purchase of the Jordan farm, the Odlins agreed to take a certain horse as part pay-

ment at the agreed price of two hundred and fifty dollars, to be delivered at any time when desired.

The remainder of the purchase price was not paid within thirty days as agreed, and on February 2, 1910, the plaintiff went to the defendant and wished to withdraw from the trade. The defendant informed him that this could not be done without payment of the stipulated forfeiture of three hundred and fifty dollars. After some conversation it was agreed that if the plaintiff would give the defendant a check for three hundred dollars the defendant would give back the horse taken in part payment, and this was done.

This action of deceit is brought to recover the forfeiture so paid on two grounds as alleged in the writ.

First, the false representation on the part of the defendant at the time of settlement on February 2, 1910, that Jordan had signed the contract of sale dated December 13, 1909, which contained the forfeiture clause.

Second, false representation by the defendant on the same day that he had seen Jordan at the request of the plaintiff and Jordan had refused to waive his rights under the forfeiture clause.

The testimony of the plaintiff himself upon the first allegation is that at the interview of February 2, 1910, the defendant "said we had both signed the contract, if either party backed out he would have to pay the forfeiture of three hundred and fifty dollars." The testimony of the plaintiff's brother who was present at the interview is as follows:

"Well they talked it over, and he said the contract couldn't be broken, and Mr. Jordan signed the forfeiture, they both signed, and they would have to pay it either the one side or the other if they throwed it up; there was a lot other little talk made. I don't remember just what the words were."

It is difficult to find any actionable false representations in these statements made by the defendant even as repeated by the plaintiff and his brother. They set forth the legal situation as the defendant understood it, and from a careful study of the evidence we are bound to say that the defendant's understanding was undoubtedly correct. Both parties were bound by the forfeiture clause.

Two attempts were made to negative the defendant's legal liability on the forfeiture.

First, it was intimated that a seal was affixed to the agreement of October 13, 1909, by which Mr. Jordan placed the property with the defendants, after it left Mr. Jordan's hands and without his knowledge or consent, and if so, it was such a material alteration as would vitiate the instrument entirely. The burden of proving such alteration was upon the plaintiff, the party alleging it, but the evidence on this point utterly fails. The insinuation may have affected the jury in rendering their verdict, but the basis for such insinuation is lacking.

In the second place, the plaintiff claimed that his contract of purchase of December 13, 1909, was signed neither by Jordan the owner, nor by Odlin the agent. On this point also the burden was on the plaintiff and he fell far short of sustaining it. The transaction was in the ordinary course of business and no reason is shown why the ordinary business methods should not have been employed, the agreement being signed by both parties, the agents signing in place of the owner. When the settlement was made on February 2nd, 1910, the plaintiff says that the original agreement was torn up, so that it could not be produced at the trial and he does not claim to know whether that original agreement was signed by Mr. Jordan or the Odlins or not, while the defendant emphatically states that it was signed by both the plaintiff and by himself as agent, and in this he is corroborated by the bookkeeper. It was certainly within the agents' authority to insert the forfeiture clause in the contract of sale, and that contract signed by the agent was as valid as if signed by Jordan himself.

A weighty if not conclusive argument upon the question of the agents' authority not only to insert the forfeiture clause but to exact the forfeiture itself, may be drawn from the fact that Jordan himself upon learning a few months later that the agents had obtained the forfeiture, demanded and received his one-half thereof amounting to one hundred and fifty dollars. No stronger evidence of ratification could be expected. *Rogers* v. *White,* 6 Maine, 1903; *Hilton* v. *Hanson,* 101 Maine, 21.

Upon the first allegation of fraudulent representation in connection with Mr. Jordan signing the contract of sale, the evidence is overwhelming in favor of the defendant. The forfeiture was legally binding upon both parties.

The second allegation in the writ to the effect that the defendant falsely represented that he had seen Mr. Jordan at the plaintiff's request and Jordan had refused to waive his legal rights, affords the plaintiff no legal remedy, even if the statement was made, which is denied by the defendant. The forfeiture clause being valid, the plaintiff was legally liable to pay the amount, one-half of which belonged to the defendant and one-half to Jordan, and it was not defrauding the plaintiff to induce him by means of a false representation, even if proved, to pay his own debt. *Brown* v. *Blunt, 72 Maine,* 415.

It is unnecessary to consider the exceptions, because the verdict is so manifestly wrong upon the evidence that the motion for a new trial must be granted.

*Motion sustained.*